IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM F. PEACOCK, JR.                    *
                                           *
            v.                             *     Civil No. JFM-02-490
                                           *
MAYOR AND CITY COUNCIL OF                  *
BALTIMORE, et al.                          *
                                        *****

## MEMORANDUM

William F. Peacock, Jr. has brought this suit against the Mayor and City Council of

Baltimore, the State of Maryland, the Sheriff's Office of Baltimore City, Baltimore City Deputy

Sheriff Charles Duncan and other unnamed members of the Sheriff's Office of Baltimore City.

Peacock alleges violations of 42 U.S.C. § 1983, Articles 21, 24, 26 and 40 of the Maryland

Declaration of Rights and Article III § 40 of the Maryland Constitution as well as false arrest and

imprisonment. The Mayor and City Council of Baltimore has moved to dismiss and all other

defendants have moved to dismiss or in the alternative for summary judgment. For the reasons

stated below, the defendants' motions will be granted.[1]

I.

On December 10, 1997, an arrest warrant was issued for Peacock by the Circuit Court for

Baltimore City because Peacock allegedly violated his probation. Maryland Br., Ex. 1. When

the warrant was issued, Peacock was already incarcerated in the Baltimore County Detention

---

[1] As I have noted, the Mayor and City Council has filed only a motion to dismiss.
However, since a factual record has been developed on the other defendants' summary judgment
motion, and since that record is sufficient to establish that plaintiff has no viable claim against
the Mayor and City Council for the reasons stated in this opinion, I will treat the Mayor and City
Council's motion as one for summary judgment.

1





Center. On January 28, 1998, the Baltimore City Sheriff issued a detainer to the County

Detention Center, instructing the County to notify the Sheriff's Office when Peacock was to be

released so that the warrant could be executed prior to his release. Maryland Br., Ex. 2. A

notation was made in the docket that the warrant had been returned to indicate that a detainer had

been filed. The warrant was kept in the Sheriff's detainer file. On April 21, 1998, while still

serving a previous sentence in the Baltimore County Detention Center, Peacock was found guilty

of violating his probation and was sentenced to six months imprisonment to be imposed

consecutively to any other sentence he was then serving.[2]

On May 4, 2001, after serving both sentences, Peacock went to the Baltimore City

Sheriff's Office to inquire about a warrant for his arrest which he had learned was outstanding.

The Sheriff's in-house computer system was checked and the violation of probation warrant was

located in the Sheriff's detainer file. Despite his protests that he had already served the sentence

for violating his probation, Peacock was arrested by a deputy sheriff. Peacock was released ten

days later when it was confirmed that he had already served his sentence. The warrant was valid

on its face; there was no return information filled in and no indication that it had previously been

served, recalled, canceled or quashed. In addition, nothing in the file of the Sheriff's Office

indicated that when Peacock had been released from Baltimore County's custody, the County

had notified the Sheriff's Office of that fact in accordance with the instructions of the detainer

---

[2] Presumably, Peacock appeared before the Circuit Court for Baltimore City where he
was convicted and sentenced for the probation violation. However, the record does not disclose
how, or under whose authority, he was transported from the Baltimore County Detention Center
to the Circuit Court in Baltimore City for that purpose. Nor does the record reflect how and
when Peacock came into the custody of Baltimore City to serve his probation violation sentence
after his release from the Baltimore County Detention Center.

that had been lodged.

## II.

In his Complaint, Peacock alleges violations of his state and federal constitutional rights and the state law torts of false arrest and false imprisonment based first on his arrest by members of the Baltimore City Sheriff's Office and then on his detention for ten days in the "Baltimore Pre-Release Center."[3] I will consider Peacock's claims against the individual defendants and then against the State of Maryland, Sheriff's Office of Baltimore City and the Mayor and City Council of Baltimore.

## A.

## 1.

Count I of Peacock's Complaint alleges that members of the Baltimore City Sheriff's Office violated his Fourth and Fourteenth Amendment rights by arresting and detaining him despite his protests that he had already completed serving the sentence for which the warrant was issued. Peacock does not allege in his complaint, nor does he argue now, that the warrant was facially invalid. Instead, Peacock argues that the Deputies could have easily determined that although the warrant appeared to be valid on its face, it was no longer valid.

It is well established that when an arrest and subsequent detention are undertaken pursuant to a facially valid warrant, there is no violation of the Fourth Amendment. <u>Mitchell v. Aluisi</u>, 872 F.2d 577, 579 (4th Cir. 1989); <u>Turner v. Knight</u>, 2002 WL 484913, at *11 (D. Md.

---

[3] Peacock's Complaint alleges that he was detained in the "Baltimore City Pre-Release Center." Compl. at ¶ 2. I assume that Peacock is referring to the Baltimore City Detention Center. <u>See</u> Brummitt Aff. at ¶ 4.

2002); Carter v. Mayor and City Council of Baltimore, 164 F.Supp.2d 509, 516 (D. Md. 2001);

Brooks v. Prince George's County, 1992 WL 63393, at *1 (D. Md. 1992).  The Fourth Circuit

has specifically held that an arresting officer has no affirmative obligation to investigate the

claims of an arrestee.  Mitchell, 872 F.2d at 579.  Peacock attempts to distinguish the present

case on the grounds that, here, the warrant was invalid because he had served the sentence

already rather than because of mistaken identity and because the arrest occurred at the Sheriff's

Office rather than in the field.  However, Peacock's attempts to distinguish the present case rely

on incorrect generalizations of the facts of previous cases.  Actually, the facts of the present case

are similar in certain respects to those of previous cases.  For example, in Mitchell, the plaintiff

was mistakenly arrested based on a warrant for the plaintiff that had been recalled, not because of

mistaken identity.  Id. at 578.  In addition, the plaintiff in Brooks was arrested in the Circuit

Court for Prince George's County, not in the field.  Brooks, 1992 WL 63393, at *1.

Furthermore, the distinctions relied upon by Peacock do not require a different result as a matter

of logic or reason.  For these reasons, Peacock has not stated a viable claim pursuant to the

Fourth Amendment.

It is not entirely clear from his Complaint whether Peacock intends to allege that

members of the Sheriff's Office deprived him of his Fourteenth Amendment due process rights

by detaining him for ten days without investigating his claim that he had already completed his

sentence for violating his probation.  However, if made against the individual defendants, such a

claim would not be viable because there is no indication that the individual defendants were

responsible for Peacock's detention.  The Baltimore City Detention Center is operated by the

Division of Pretrial Detention and Services, part of the Department of Corrections, not the

4

Sheriff's Office.  See Md. Code Ann., Corr. Servs. § 5-101 et seq.  If, on the other hand, Peacock

means to allege that his arrest by the individual defendants violated both his Fourth and

Fourteenth Amendment rights, his claim still must fail.  In such cases, an individual's Fourteenth

Amendment rights are co-extensive with his Fourth Amendment rights.  See Fisher v.

Washington Metro. Area Transit Auth., 690 F.2d 1133, 1138 (4th Cir. 1982).[4]

2.

In Count II of his Complaint, Peacock alleges false arrest and false imprisonment.  "In

order to prevail on a claim for false arrest, the plaintiff must prove that the defendant deprived

him or her of his or her liberty without consent and without legal justification."  Green v. Brooks,

725 A.2d 596, 605 (Md. Ct. Spec. App. 1999) (citations and quotations omitted).  Peacock's

arrest pursuant to a facially valid warrant "'is legally justified in Maryland, even if unbeknownst

to the arresting police officer, the warrant is in fact improper.'"  Id. (quoting Ashton v. Brown,

660 A.2d 447, 472 (Md. 1997)).  For the reasons stated above regarding the alleged Fourteenth

Amendment violations, there is no factual basis for holding members of the Sheriff's Office

liable for Peacock's continued detention.  Even so, the continued detention was legally justified.

---

[4] Count III of Peacock's Complaint alleges violations of Articles 24 and 26 of the
Maryland Declaration of Rights.  These provisions are analogous to, and require the same
analysis as, Peacock's claims under the Fourth and Fourteenth Amendments in Count I.
Pitsenberger v. Pitsenberger, 410 A.2d 1052, 1056 (Md. 1980); Gadson v. State, 668 A.2d 22, 26
n.8 (Md. 1995).  For this reason, Peacock's claim that these Articles were violated will be
dismissed.  Count III also alleges violations of Article 21 of the Maryland Declaration of Rights,
which is similar to the Fifth Amendment to the Constitution; Article 40 of the Maryland
Declaration of Rights, which is similar to the First Amendment to the Constitution; and Article
III § 40 of the Maryland Constitution, which is similar to the Takings Clause of the Constitution.
Peacock's Complaint does not allege facts to support claims under these provisions so they will
be dismissed as well.

See Md. Rule 4-347 (establishing procedure to be followed in revoking probation); see also

Glover v. Maryland, 2002 WL 464921, at *5-6 (Md. Ct. Spec. App. 2002) (holding that Sheriff

and prison officials have legal duty to hold a person until their release is authorized by a court

directive).  For these reasons, Count II of Peacock's Complaint fails to state a claim for which

relief can be granted.

B.

Peacock has alleged that the institutional defendants, the State of Maryland, the Sheriff's

Office of Baltimore City and the Mayor and City Council of Baltimore, are liable to him because

they are responsible for the policies, practices, and customs of the Sheriff's Office and due to

their failure to train, supervise and discipline Sheriff Duncan and other members of the Sheriff's

Office.  As discussed above, Peacock has failed to state any constitutional violation or other

actionable wrong by Sheriff Duncan or any other member of the Sheriff's Office, let alone a

violation or wrong committed pursuant to the policy, practice, or custom of the Sheriff's Office.

Without a viable claim against these individual defendants, Peacock's Complaint does not state a

claim against the institutional defendants.[5]

Date: _April 29, 2002_

_J. Frederick Motz_
United States District Judge

---

[5] For this reason, I do not have to reach the other defenses asserted by the institutional defendants.